THEODORE LEFF, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Leff v. Commissioner
Docket No. 7902-80.
United States Tax Court
T.C. Memo 1985-111; 1985 Tax Ct. Memo LEXIS 522; 49 T.C.M. (CCH) 943; T.C.M. (RIA) 85111; March 13, 1985. *522 Michael C. Cohen, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: This case is before the Court on respondent's motion for entry of decision filed on January 8, 1985. A hearing on respondent's motion was held on January 8, 1985, at the trial session in Los Angeles, California. Respondent determined a deficiency of $38,050 in petitioner's Federal income tax for 1976. The only issue is whether petitioner is entitled to a deduction for his share of losses from a certain partnership in 1976. The loss claimed by the partnership was based entirely on an advance royalty expense with respect to an alleged coal mining sublease. Petitioner, Theodore Leff, resided in Winnemucca, Nev., when he filed his petition herein. Petitioner was a limited partner in a coal mining partnership known as The Benham Group. In Gauntt v. Commissioner,82 T.C. 96 (1984), on appeal (9th Cir., Dec. 10, 1984), this Court, in considering the case of another Benham Group partner, held that The Benham Group's advance royalty obligation under the sublease was illusory, and, therefore, concluded that no portion of the advance royalties could be deducted by the partnership *523 in 1976. Petitioner has not presented to the Court any additional facts or legal arguments other than those considered in Gauntt.[1] Thus, based on our holding in Gauntt, we conclude that petitioner is not entitled to a loss deduction from The Benham Group partnership in 1976. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. We note that neither petitioner nor his counsel appeared at the hearing of this motion. However, petitioner had previously notified respondent that he had no objection to the granting of respondent's motion for entry of decision.↩